## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CRIMINAL DOCKET NO.: 5:03CR45-V

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| PHU HONG THACH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Return of Property Not Forfeited Under Rule 41(e)," filed September 15, 2004, and the Government's Motion for Extension of Time Nunc Pro Tunc to file a Response to Defendant's Motion, filed August 12, 2005 (Documents ## 13, 19).

On January 6, 2005, this Court ordered the Government to file a Response to Defendant's Motion within 30 days of the date of the Court's Order. The Government failed to file a timely Response. However, on August 12, 2005, the Government filed both its Response to Defendant's Motion to Return Property and its Motion for Extension of Time.

In his Motion for Return of Property, Defendant asked for assistance from the Court in accounting for certain property allegedly in the possession of the Government. The Court was unable to address Defendant's Motion without a Response from the Government. Despite the Government's late filing of a Response, since such Response is essential to the Court's disposition of Defendant's Motion, the Court will grant the Government's Motion for Extension of Time and consider the Government's Response in ruling on Defendant's instant Motion.

In his Motion, Defendant contends that upon his arrest, the Government seized a 1994 Lexus, a leather jacket, various items of jewelry, and a passport from Vietnam. Defendant argues

that this forfeiture occurred despite the fact that no notice of forfeiture was provided, no agreement was entered into by Defendant whereby he authorized such forfeiture, and there was no order by the Court during Defendant's sentencing or otherwise permitting this forfeiture.

In Response, the Government advises the Court that on September 26, 2003, a member of the Iredell County Sheriff's Office stopped Defendant's vehicle. Upon locating a large quantity of 3,4 methylenedioxymethamphetamine, or "MDMA" or "Ecstacy," in the trunk of the vehicle, Defendant was arrested and the Iredell County Sheriff's Department contacted the North Carolina Department of Revenue ("Revenue Department"). The Revenue Department seized Defendant's vehicle as payment for a tax levy issued on the Ecstacy found in the vehicle.

The Government determined that although Defendant owned the vehicle, he had not converted the title into his name. Consequently, during the pendency of Defendant's federal case, the State of North Carolina - *not* the United States - obtained the title to Defendant's vehicle and forfeited the vehicle as payment for Defendant's tax obligation.

With regard to the other items seized, the Government advises the Court that any items not forfeited by the Revenue Department are being held at the Iredell County Sheriff's Office and may be released to Defendant's representative.

Upon review of the Government's Response, the Court finds that the vehicle at issue has been forfeited by the State of North Carolina Department of Revenue. As such, this Court no longer has jurisdiction to review the forfeiture proceedings. *See United States v. Ibarra*, 120 F.3d 472, 474 (4th Cir. 1997) (finding that, "[o]nce the seizing agency commences forfeiture proceedings . . ., the seizing agency divests the district court of jurisdiction of the forfeiture proceedings and the court remains without jurisdiction unless an interested party timely files a claim and cost bond . . ."). Here, Defendant did not timely file a claim to the property and the

forfeiture proceedings are complete.  Once the State of North Carolina Department of Revenue declared the property forfeited, as it has done in this case, this declaration has the same force and effect as a final decree and jurisdiction no longer resides in the district court.  *Id.*  "[F]ailing to claim timely one's interest in the seized property results in the administrative forfeiture process continuing without judicial intervention."  *Id.*  Therefore, this Court finds that the Defendant is not entitled to a return of his vehicle.  However, a representative of Defendant may collect from the Iredell County Sheriff's Department any property within the vehicle that was not forfeited.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion for Return of Property Not Forfeited Under Rule 41(e)" is hereby **GRANTED IN PART** and **DENIED IN PART**. Defendant's Motion is **DENIED** with regard to the vehicle.  Defendant's Motion is **GRANTED** with regard to the property within the vehicle that was not forfeited and that is in the possession of the Iredell County Sheriff's Department.

**IT IS FURTHER ORDERED** that the Government's Motion for Extension of Time to Respond to Defendant's Motion for Return of Property is hereby **GRANTED**.

The Clerk is directed to send copies of this Order to Defendant, defense counsel, and to the attorney for the Government.

**Signed: October 24, 2005**

Richard L. Voorhees
United States District Judge